# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| GONZALO HERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> ERNESTO SANTACRUZ JR. et al., <br><br> Respondents. | Case No. 5:26-cv-03658-DFM <br><br><br> ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I.   INTRODUCTION

On July 2, 2026, Petitioner Gonzalo Hernandez, proceeding through counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). On July 13, 2026, Respondents filed an Answer. See Dkt. 8 ("Answer"). Petitioner did not file a reply.

For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** the Petition. Respondents are **ORDERED** to release Petitioner from custody unless he is provided with an individualized custody redetermination hearing before an Immigration Judge under 8 U.S.C. § 1226(a) within seven (7) days.

## II.   BACKGROUND

Petitioner is a 27-year-old native and citizen of Guatemala who has resided in the United States since about 2021. See Petition ¶ 26. The Form I-

213 states: "[o]n an unknown date, [Petitioner] entered the United States at an unknown place without being admitted or paroled by an immigration officer." Dkt. 3-1 at 9. Petitioner is married, the father of four children (including two United States citizens), and has no criminal convictions. See Petition ¶ 27.

On April 8, 2026, immigration authorities detained Petitioner during an enforcement operation targeting a different individual. See id. ¶¶ 3, 28. The Form I-213 states that "officers observed an individual matching the physical description" of the identified subject, initiated their emergency police lights as Petitioner drove down the street, and ran after and detained Petitioner as he returned to the apartment. See id. ¶ 29; Dkt. 3-1 at 8-9. Since then, Petitioner has been detained at the Adelanto ICE Processing Center in Adelanto, California. See Petition ¶¶ 1, 3-4, 21, 31; https://locator.ice.gov/odls/#/search (search First Name: "Gonzalo," Last Name: "Hernandez," Nationality: "Guatemala") (last accessed July 13, 2026).

Petitioner has been administratively charged under 8 U.S.C. § 1182(a)(6)(A)(i) (presence without admission or parole); Petitioner does not have a final order of removal. See Petition ¶¶ 4, 21, 30; Dkt. 3-1 at 8. Petitioner has not been afforded a custody redetermination hearing before a neutral decisionmaker to determine whether his detention is justified. See Petition ¶¶ 5-6, 25, 32-33.

Petitioner argues that his detention violates the substantive and procedural guarantees of the Fifth Amendment Due Process Clause. See id. ¶¶ 34-41. Petitioner seeks immediate release or, alternatively, a prompt custody hearing before a neutral decisionmaker at which the Government bears the burden of demonstrating by clear and convincing evidence that Petitioner is a flight risk or a danger to the community, and that no less restrictive conditions can reasonably address those concerns. See id. at 9.

In their Answer, Respondents contest outright release, arguing that "to the extent Petitioner would be entitled to any remedy at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." Answer at 2-3.[1]

### III.   DISCUSSION

The Court has jurisdiction under 28 U.S.C. § 2241 because Petitioner is "in custody" and challenges the constitutionality of that physical confinement. See Trinidad y Garcia v. Thomas, 683 F.3d 952, 956 (9th Cir. 2012); Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

### A.   The Record Indicates that § 1226(a) Governs Petitioner's Detention

The Immigration and Nationality Act's detention framework divides at the point a removal order becomes "administratively final." Detention before that point is governed by 8 U.S.C. §§ 1225 and 1226; detention thereafter is governed by § 1231. See Johnson v. Guzman Chavez, 594 U.S. 523, 533-34 (2021).

Petitioner's removal proceedings are ongoing; he does not have a final order of removal. See Petition ¶¶ 1, 3-4, 21, 31; see also https://acis.eoir.justice.gov/en/ (search A-Number: "246-061-266," Nationality: "Guatemala") (last accessed July 13, 2026) (noting: "[t]his case is pending" with an in-person hearing scheduled for August 19, 2026). Respondents have not argued that Petitioner is subject to mandatory detention under §§ 1225 or 1226(c). See Answer at 2-3. Rather, Respondents contend that the remedy Petitioner would be entitled to is, at most, a bond hearing under § 1226(a). See id. at 3.

---

[1] Respondents argue that the remedy for an unlawful arrest is the suppression of evidence obtained therefrom, not release from custody. As the Petition does not allege a Fourth Amendment claim, the Court will not address these arguments.

Though the Court is cognizant of the current turbulence surrounding §§ 1225 and 1226, the Court agrees with the "overwhelming majority" of courts that § 1226 governs under these circumstances. See Salgado v. Mattos, No. 25-01872, 2025 WL 3205356, at *2 (D. Nev. Nov. 17, 2025); see also Maldonado-Bautista v. Santacruz, 813 F. Supp. 3d 1084, 1127 (C.D. Cal. 2025) (certifying a "Bond Eligible Class"). Petitioner was a noncitizen "already present in the United States" at the time of his arrest. See Jennings v. Rodriguez, 583 U.S. 281, 303 (2018). The weight of current authority concludes that Petitioner's detention is governed by § 1226(a). See, e.g. Amaya v. Bondi, No. 25-16428, 2025 WL 3033880, at *2 (D.N.J. Oct. 30, 2025) (collecting cases); Demirel v. Fed. Det. Ctr. Phila., No. 25-5488, 2025 WL 3218243, at *4 (E.D. Penn. Nov. 18, 2025) ("Once again, of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here."); but see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498-508 (5th Cir. 2026) (reaching a different interpretation over a dissent). Respondents do not contest the applicability of § 1226(a) in their Answer.

Under § 1226(a), the Government "may continue to detain" or "may release the alien" on bond or conditional parole, "pending a decision on whether the alien is to be removed from the United States." Federal regulations provide that "aliens detained under § 1226(a) receive bond hearings at the outset of detention." Jennings, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)). "Section 1226(a) and its implementing regulations provide extensive procedural protections that are unavailable under other detention provisions." See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). The Ninth Circuit has held that "§ 1226(a)'s procedures satisfy due process, both facially and as applied" where the noncitizen received "an initial

4

bond hearing before a neutral decisionmaker," with rights of appeal and redetermination. See id. at 1211.

Petitioner is entitled to the procedural protections that § 1226(a) provides, including a bond hearing under 8 U.S.C. § 1226(a). See, e.g., Demirel, 2025 WL 3218243 at *5 ("I will order [Respondent] to afford [Petitioner] the procedural protections that § 1226(a) provides: a bond hearing before an IJ and an appeal to the BIA should the IJ deny bond."); Hernandez-Luna v. Noem, No. 25-1818, 2025 WL 3102039, at *4-5 (D. Nev. Nov. 6, 2025); see also Rodriguez Diaz, 53 F.4th at 1202. Accordingly, the Court will order Respondents to provide Petitioner with a prompt custody redetermination hearing before an Immigration Judge under § 1226(a). See, Engonga v. Noem, No. 25-03479, 2025 WL 3764077, at *3 (C.D. Cal. Dec. 23, 2025) ("Courts in this District have generally ordered in similar cases" that a bond hearing be held within seven days).

## B.   Allocation of Burden of Proof

Petitioner requests a hearing at which Respondents would bear the burden of demonstrating, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community and that no less restrictive conditions can reasonably address those concerns. See Petition at 9. Under § 1226(a) and its implementing regulations, the noncitizen bears the burden at a custody redetermination hearing of demonstrating that he is neither a danger to the community nor a flight risk. See 8 C.F.R. §§ 1003.19, 1236.1(c)(8); see also Rodriguez Diaz, 53 F.4th at 1210-12 (describing the § 1226(a) proceeding at which the detainee bore the burden of proving that he was not a flight risk or a danger to the community). Ultimately, the allocation of the burden and the standard of proof at the § 1226(a) hearing ordered herein are, in the first instance, matters for the immigration court under the laws and procedures ordinarily governing custody redetermination.

5

**C.** **The Record Does Not Support Ordering Petitioner's Immediate Release**

Petitioner seeks immediate release, arguing that his detention is arbitrary and not reasonably related to any legitimate non-punitive purpose, in violation of the substantive component of the Fifth Amendment Due Process Clause. See Petition ¶ 37. However, on this record, the appropriate remedy is the prompt hearing that the statute already affords, rather than release.

The decisions of this District ordering immediate release have arisen overwhelmingly from re-detention: where a noncitizen previously released by the government (on parole, bond, recognizance, or an order of supervision) complied with the conditions of release, often for years, and was then re-arrested without notice, typically at a check-in. See, e.g. Morales v. Warden, Adelanto Det. Facility, No. 26-01786, 2026 WL 1105036 (C.D. Cal. Apr. 17, 2026) (citing Morrissey v. Brewer, 408 U.S. 471, 482 (1972)); Wang v. Semaia, No. 26-203, 2026 WL 258440, at *1-2, 7 (C.D. Cal. Jan. 29, 2026).

These cases rest on features absent here: a liberty interest arising in part from the government's own prior decision to release the petitioner, and a prior governmental determination that the petitioner was neither a danger nor a flight risk. See, e.g. Morales, 2026 WL 1105036, at *2 ("Her initial release from custody, at least implicitly, reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.") (internal quotation marks and citation omitted). Here, nothing in the record indicates that Petitioner was previously detained or released by immigration authorities.

Accordingly, the Court denies without prejudice Petitioner's request for immediate release. Nothing forecloses a future petition addressed to materially changed circumstances, including any claim of a reviewable question arising from the conduct of the hearing itself or from prolonged detention.

**D.    Attorney's Fees**

Petitioner has requested costs and attorney's fees in this action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. See Petition at 9. The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days (30) of the judgment.

## IV.    ORDER

The Court **GRANTS** the Petition in part as follows:

1.    Petitioner's request for a custody redetermination hearing is **GRANTED**. Respondents shall release Petitioner from custody unless he is provided with an individualized hearing before an Immigration Judge under 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order.

2.    Petitioner's request for immediate release is **DENIED**.

3.      The parties shall file a joint status report within ten (10) days of the date of this Order detailing if and when the bond hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for denial.

Date: July 17, 2026

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge